```
                                              FILED
                                       COURT OF COMMON PLEAS
                                           APR 1 9 2019
                                       JILL FANKHAUSER, Clerk
                                         PORTAGE COUNTY, OH
```

IN THE COURT OF COMMON PLEAS
PORTAGE COUNTY, OHIO

| | |
|---|---|
| BRADLEY GRIFFITH<br>1140 E. Main Street<br>Ravenna, Ohio 44266<br><br>        Plaintiff<br><br>vs.<br><br>PORTAGE COUNTY<br>449 S. Meridian Street<br>Ravenna, OH 44266<br><br>and<br><br>DAVID W. DOAK, individually and<br>in his official capacity as Sheriff of<br>Portage County<br>Portage County Justice Center<br>8240 Infirmary Road<br>Ravenna, OH 44266<br><br>and<br><br>PORTAGE COUNTY SHERIFF'S OFFICE<br>C/O Portage County Justice Center<br>8240 Infirmary Road<br>Ravenna, OH 44266<br><br>and<br><br>PORTAGE COUNTY JUSTICE CENTER<br>A.K.A. Portage County Jail<br>8240 Infirmary Road<br>Ravenna, OH 44266 | CASE NO. **2019 CV 00321**<br><br>JUDGE<br><br>**JUDGE BECKY L. DOHERTY**<br><br><br><br>COMPLAINT WITH JURY DEMAND<br>(Other Civil) |

| | |
|---|---|
| PORTAGE COUNTY BOARD OF COMMISSIONERS, individually and in their official capacities<br>449 South Meridian Street<br>Administration Building 7th Floor<br>Ravenna, OH 44266 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| VICKI KLINE, individually and in her official capacity as a member of the Portage County Board of Commissioners<br>449 South Meridian Street<br>Administration Building 7th Floor<br>Ravenna, OH 44266 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| KATHLEEN CLYDE, individually and in her official capacity as a member of the Portage County Board of Commissioners<br>449 South Meridian Street<br>Administration Building 7th Floor<br>Ravenna, OH 44266 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| SABRINA CHRISTIAN-BENNETT, individually and in her official capacity as a member of the Portage County Board of Commissioners<br>449 South Meridian Street<br>Administration Building 7th Floor<br>Ravenna, OH 44266 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| NATHANIEL KYLE CREW<br>1227 North Road SE<br>Warren, Ohio 44484 | )<br>)<br>)<br>) |
| and | )<br>) |

```
JOHN DOE ENTITIES #1-10              )
Whose Exact Names and Addressess     )
Cannot Be Ascertained At             )
The Present Time                     )
                                     )
         Defendants                  )
```

Plaintiff, Bradley Griffith ("Plaintiff"), for his Complaint against the defendants, Portage County, David W. Doak ("Doak"), individually and in his official capacity as Sheriff of Portage County, the Portage County Sheriff's Office (the "Sheriff's Office"), the Portage County Justice Center, aka the Portage County Jail (the "Jail"), the Portage County Board of Commissioners (the "Board"), and Portage County Commissioners Vicki A. Kline ("Kline"), Kathleen Clyde ("Clyde"), and Sabrina Christian-Bennett ("Christian-Bennett"), individually and in their official capacities as members of the Board (collectively referred to as "Commissioners"), Nathaniel Kyle Crew ("Crew"), and John Doe Entities #1-10 ("John Doe Entities") (collectively referred to as "Defendants"), states and avers as follows:

## FIRST CLAIM (Negligence/Breach of Duties)

1. Plaintiff at all material times herein, was a resident of Portage County, State of Ohio.

2. At all times relevant, including but not limited to April 22, 2018, Doak operated and controlled the Jail, along with the Board and its commissioners, Kline, Clyde, and Christian-Bennett, and the deputies, employees, and/or agents of the Sheriff's Office and Jail and/or of Portage County.

3. At all times relevant Doak, the Board and its commissioners, Kline, Clyde, and Christian-Bennett, and the deputies, employees, agents, and/or other personnel and staff members

of the Sheriff's Office and/or Jail, were acting in their official capacities and under color of state law, and were employed by, and/or were the agents of, the Sheriff's Office and/or Jail and/or of Portage County, which is vicariously responsible for their conduct, acts and omissions.

4. On or about April 22, 2018, Plaintiff and Crew were both incarcerated at the Jail and were being held in the Jail under the custody, control, and authority of the Defendants and/or of their deputies, employees, agents, personnel and staff.

5. Defendants and/or their deputies, employees, agents, personnel and staff of the Sheriff's Office and/or Jail had a constitutional duty to provide humane conditions of confinement to its prisoners.

6. Defendants and/or their deputies, employees, agents, personnel and staff also had a duty to take reasonable measures to guarantee the safety of its prisoners (including specifically, but not limited to, the Plaintiff), which included, among other things, protecting its prisoners from violence at the hands of other prisoners.

7. The Defendants also had a duty to properly train and supervise their deputies, employees, agents, personnel and staff, which the Defendants breached.

8. Pursuant to official policies, practices and customs of the Defendants and/or of their deputies, employees, agents, personnel and staff, on or about April 22, 2018, and/or due to the Defendants' failures to properly train and supervise their deputies, employees, agents, personnel and staff, Plaintiff and Crew were placed in an overcrowded common area of the Jail, along with approximately 60-80 other prisoners, without the common area being properly staffed, monitored or supervised by the Defendants and/or by their deputies, employees, agents, personnel and/or staff.

9. Pursuant to official policies, practices, and customs of the Defendants and/or of

their deputies, employees, agents, personnel and staff, and/or due to the Defendants' failures to properly train and supervise their deputies, employees, agents, personnel and staff, this common area of the Jail also was equipped with a microwave, the use of which was also not properly monitored or supervised by Defendants and/or by their employees, agents, personnel and/or staff, and which was readily and freely available for unfettered use by the Jail's inmates, including Crew.

10. Defendants and/or their deputies, employees, agents, personnel and staff knew that there was a microwave in the common area of the jail, and they also knew or should have known that providing prisoners with unfettered and improperly monitored and unsupervised access and use of a microwave was inappropriate and dangerous, and a threat to the safety of its prisoners, since it was entirely foreseeable that a prisoner could use the microwave so as to dangerously over heat an object or liquid and to use such an overheated object or liquid as a weapon against another prisoner.

11. The conduct, actions and/or omissions of the Defendants and/or of their deputies, employees, agents, personnel and/or staff, were negligent and in breach of the duties owed to Plaintiff and were also a direct and proximate result of the policies and customs of the Sheriff's Office and Jail, and/or of the Defendants' failures to properly train and supervise their deputies, employees, agents, personnel and staff, and/or in direct violation of generally recognized and adhered to detention standards and policies, as providing its prisoners with unfettered and improperly monitored and unsupervised access and use of a microwave in an overcrowded, and understaffed and improperly monitored and supervised common area of the Jail, was inappropriate and dangerous, and a threat to the safety of its prisoners, as it was entirely foreseeable that a prisoner could use the microwave so as to dangerously over heat an object or

liquid and use it as a weapon against another prisoner, just as was done by Crew to Plaintiff.

12. The official policies, practices and customs of, and actions of, the Defendants and/or of their deputies, employees, agents, personnel and/or staff, and/or the Defendants' failures to properly train and supervise their deputies, employees, agents, personnel and staff, also constituted a knowing disregard of, and willful and deliberate indifference to, the safety of Plaintiff and renders the Defendants liable to Plaintiff for both compensatory and punitive damages as a result of the injuries he sustained on April 22, 2018, as set forth further below.

13. On or about April 22, 2018, Crew used the microwave located in the Jail's common area to heat up water for approximately 10 minutes until it reached a dangerously hot and/or boiling level. Crew then threw and/or spilled the hot water on Plaintiff's face, head and neck areas causing Plaintiff to sustain severe and permanent injuries, including, but not limited to, first and/or second degree burns to his head, face, neck, and left ear, and a hearing loss in his left ear, as well as pain and suffering, mental anguish, emotional distress, a loss of enjoyment of life, and a loss of his ability to perform his normal and everyday activities.

14. The aforesaid injuries sustained by Plaintiff are permanent in nature and as a result of said injuries, Plaintiff has incurred substantial medical bills and he expects to incur further medical bills in the future, as well as further pain and suffering, mental anguish, emotional distress, and loss of enjoyment of life, and of his ability to perform his normal and everyday activities, in the future.

15. The aforesaid injuries sustained by Plaintiff were directly and proximately caused by the failure of the Defendants and/or of their deputies, employees, agents, personnel and/or staff to take reasonable measures to guarantee the safety of its prisoners in general and of Plaintiff in particular, and by their failure to take reasonable measures to control prisoner Crew, which would

have prevented Crew from causing physical harm to Plaintiff, and by the official policies, practices and customs of, and/or negligence of, the Defendants and/or of their deputies, employees, agents, personnel and/or staff, and/or by their breaches of the duties owed to Plaintiff, which included, but not by means of limitation, the Defendants' failures to properly train and supervise their deputies, employees, agents, personnel and staff, the overcrowding of the common area of the Jail, the failure to properly staff, monitor or supervise the common area of the Jail, and the equipping of the common area of the Jail with a microwave, the use of which was also not properly monitored or supervised by Defendants and/or by their employees, agents, personnel and/or staff, and which was readily and freely available for unfettered use by the Jail's inmates, including Crew.

## SECOND CLAIM (Statutory Violation)

16. Plaintiff incorporates all of the allegations contained in the FIRST CLAIM as though fully rewritten herein.

17. Ohio Revised Code ("O.R.C.") § 311.05 expressly imposes liability on a county sheriff, such as Doak, for the negligence of his deputies and for "the neglect of duty or misconduct in office of any of his deputies if he orders, has prior knowledge of, participates in, acts in reckless disregard of, or ratifies the neglect of duty or misconduct in office of the deputy."

18. Doak breached his duties under O.R.C. § 311.05 because he had prior knowledge of, and knew or should have known, *inter alia*, the facts that the common area of the Jail was overcrowded and improperly staffed, monitored and/or supervised by his deputies, employees, agents, personnel, and/or staff, and that there was a microwave in the common area of the jail, the use of which also not properly monitored or supervised, and which posed a threat to the safety of its prisoners, as it was entirely foreseeable that a prisoner could use the microwave so as

to dangerously over heat an object or liquid and use it as a weapon against another prisoner, just as was done by Crew to Plaintiff.

19. Doak also violated O.R.C. § 311.05 by issuing orders, and/or by otherwise participating in actions and conduct, and/or engaging in acts in that were in reckless disregard of the safety of his prisoners, which led to and caused the common area of the Jail to be overcrowded and improperly staffed, monitored and/or supervised by his deputies, employees, agents, personnel, and/or staff, and which led to the placement of a microwave in the common area of the jail, and thereafter Doak also acquiesced in and/or participated in and/or ratified the continued presence of the microwave in the common area of the Jail, even though the microwave was a foreseeable potentially dangerous instrumentality in the hands of criminals and prisoners, such as Crew.

20. Doak's breaches and violations of O.R.C. § 311.05 were a direct and proximate cause of Crew's use of the microwave located in the Jail's common area on April 22, 2018 to heat up water for approximately 10 minutes until it reached a dangerously hot and/or boiling level and of Crew then throwing that hot water on Plaintiff's face, and were also a direct and proximate cause of Plaintiff's severe and permanent injuries, and other damages previously set forth above in the previous Claims of this Complaint.

## THIRD CLAIM  (Constitutional and Federal Violations)

21. Plaintiff incorporates all of the allegations contained in the FIRST and SECOND CLAIMS as though fully rewritten herein.

22. The practices, policies and customs, breaches of duty, conduct, and actions of the Defendants and/or their deputies, employees, agents, personnel and staff, as set forth above in the First and Second Claims of this Complaint, also constituted a violation of 42 United States Code

("U.S.C") § 1983, et seq., and a violation of Plaintiff's Eighth and Fourteenth Amendment rights, and constituted cruel and unusual punishment towards Plaintiff.

23. As a direct and proximate cause and result of the Defendants' and/or their deputies', employees', agents', personnel's and staff's violations of 42 U.S.C § 1983, et seq., and violations of Plaintiff's Eighth and Fourteenth Amendment rights, Plaintiff suffered severe and permanent injuries, and other injuries and damages, as previously set forth herein, all of which he expects to continue indefinitely the future.

### FOURTH CLAIM (Assault and Battery)

24. Plaintiff incorporates all of the allegations contained in the FIRST, SECOND and THIRD CLAIMS as though fully rewritten herein.

25. On or about April 22, 2018, while Plaintiff and Crew were both incarcerated at the Jail, Plaintiff was physically assaulted and battered by Crew on the premises of said Jail. Said assault and battery was done wantonly, willfully, and/or intentionally, with malice, and/or with reckless and conscious disregard of Plaintiff's rights and safety.

26. As a direct and proximate cause and result of the above assault and battery, Plaintiff suffered severe and permanent injuries, and other damages, as previously set forth herein, including, but not by means of limitation, neck, ear, facial burns and a hearing loss, and severe pain and suffering, all of which he expects to continue indefinitely the future.

27. As a direct and proximate cause and result of the aforesaid assault and battery, Plaintiff also suffered mental anguish and emotional distress, permanent injuries, a loss of enjoyment of life, and a loss of his ability to perform his normal and everyday activities, and he also incurred substantial medical expenses, all of which he also expects to continue indefinitely into the future.

## FIFTH CLAIM (John Doe Entities)

28. Plaintiff incorporates all of the allegations contained in the FIRST, SECOND, THIRD, AND FOURTH CLAIMS as though fully rewritten herein.

29. The John Doe Entities are entities whose names and addresses presently unknown and could not be discovered prior to the filing of this Complaint with reasonable and due diligence and for which contribution may be apportioned. Plaintiff alleges that the John Doe Entities are entities whose negligence, and/or other wrongful acts or omissions, may have proximately contributed to this incident. If, in fact, evidence discloses a claim to be asserted against the John Doe Entities, Plaintiff's Complaint will be amended pursuant to the applicable rules of Civil Procedure upon identification of such entities.

WHEREFORE, Plaintiff respectfully requests that a jury be empaneled to try the facts at issue and that judgment be rendered against Defendants, jointly and severally, for both compensatory and punitive damages in amounts in excess of Twenty-Five Thousand Dollars ($25,000.00), together with attorney fees, interest and costs.

MICHAEL I. SHAPERO (0014155)
mshapero@shaperolaw.com
BRIAN GREEN (0063921)
bgreen@shaperolaw.com
JAMES MARX (0038999)
jmarx@shaperolaw.com
SEAN BURKE (0087214)
sburke@shaperolaw.com
Signature Square II, Suite 220
25101 Chagrin Boulevard
Beachwood, Ohio 44122
P: (216) 831-5100  F: (216) 831-9467
*Counsel for Plaintiff*